UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS E. GALLAGHER,<br><br>    Plaintiff,<br><br>    v.<br><br>BETTE PINE, *et al.*,<br><br>    Defendants. | CASE NO. C05-684MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING CLERK TO APPOINT COUNSEL FROM PRO BONO PANEL |

    This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Douglas Gallagher is a pretrial detainee who is currently incarcerated at the King County Correctional Facility ("KCCF") in Seattle, Washington. Plaintiff alleges in his civil rights complaint that he has been denied adequate medical care during the course of his incarceration at KCCF. Specifically, plaintiff alleges that defendants have not provided adequate treatment for an inguinal hernia which was diagnosed by a jail health services physician in June 2004. Plaintiff further alleges that the jail mental health staff has not provided adequate mental health care.

    Currently pending before the Court are plaintiff's motions for appointment of counsel and for preliminary injunctive relief. Defendants have filed briefs opposing both motions. The

ORDER GRANTING PLAINTIFF'S
MOTION FOR APPOINTMENT OF
COUNSEL - 1

1  Court, having reviewed plaintiff's motions, defendants' responses thereto, and the balance of the
2  record, does hereby find and ORDER as follows:

3  (1) Plaintiff's motion for appointment of counsel (Dkt. No. 13) is GRANTED. While
4  there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983, the Court,
5  under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma*
6  *pauperis* in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.
7  1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d
8  1089 (9th Cir. 1980).

9  Plaintiff's allegations raise serious questions regarding the adequacy of the medical care he
10 is receiving at KCCF. The Court, at this juncture, is particularly concerned about plaintiff's
11 claims regarding defendants' refusal to provide him with surgery to repair his inguinal hernia.
12 This issue is the topic of plaintiff's currently pending motion for preliminary injunctive relief.
13 Given the seriousness of the issues presented, and the need for efficient resolution of those
14 issues, this Court is satisfied that exceptional circumstances exist which warrant the appointment
15 of counsel in this matter.

16 (2) Pursuant to the Plan of the United States District Court for the Western District of
17 Washington at Seattle for the Representation of Pro Se Litigants in Civil Rights Actions, and the
18 Rules Governing Pro Bono Panel, the Clerk is directed to appoint an attorney to represent
19 plaintiff.

20 (3) Plaintiff's motion for preliminary injunctive relief (Dkt. No. 14) will be held in
21 abeyance pending appointment of counsel. The Clerk is instructed to REMOVE plaintiff's
22 motion from the Court' calendar at this time. Once counsel is appointed to represent plaintiff,
23 the Court will invite further briefing on the issues raised by plaintiff in his motion for preliminary
24 injunctive relief, and will place the motion back on the calendar for consideration.

25
26

ORDER GRANTING PLAINTIFF'S
MOTION FOR APPOINTMENT OF
COUNSEL - 2

1   (4)  The Clerk is directed to send copies of this Order to plaintiff, to counsel for
2  defendants, and to the Hon. Marsha J. Pechman.

3  DATED this  17th  day of August, 2005.

<br>

_____
MONICA J. BENTON
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S
MOTION FOR APPOINTMENT OF
COUNSEL - 3